UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                       Case No. 07-20119
vs.                                    HON. GEORGE CARAM STEEH

D-4 APRIL MANNING

    Defendant.
_____/

## OPINION AND ORDER
## DENYING DEFENDANT'S MOTION FOR A BILL OF PARTICULARS (#80)

Defendant April Manning moves for a bill of particulars as to Count I of a March 8, 2007 Indictment charging her and several co-defendants with conspiracy to possess with intent to distribute heroin and crack cocaine in violation of 21 U.S.C. § 846. Manning requests that the government provide two particulars: (1) the "specific functions" that Manning allegedly performed for co-defendant DeAngelo Young; and (2) the locations of alleged "storehouses" used in furtherance of the alleged conspiracy. The facts and legal arguments presented in the parties' briefs are sufficient to adjudicate the motion. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

"The purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976).

> It is well established that a motion for a bill of particulars lies within the discretion of the trial court. United States v. Barrett, 505 F.2d 1091, 1106 (7th Cir. 1974), cert. denied, 421 U.S. 964, 95 S.Ct. 1951, 44 L.Ed.2d 450 (1975); United States v. Cansler, 419 F.2d 952, 954 (7th Cir. 1969), cert. denied, 397 U.S. 1029, 90 S.Ct. 1278, 25 L.Ed.2d 540 (1970). The denial of such a motion is reviewable only as an abuse of discretion. United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979), cert. denied, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405. The test for whether a bill of particulars is necessary is "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." United States v. Roya, 574 F.2d 386, 391 (7th Cir. 1978), cert. denied, 439 U.S. 857, 99 S.Ct. 172, 58 L.Ed.2d 165.

United States v. Kendall, 665 F.2d 126, 134 (7th Cir. 1981), cert. denied, 455 U.S. 1021 (1982) (emphasis deleted) (cited with approval in United States v. Martin, No. 86-1663, 1987 WL 38036, **3 (6th Cir. July 14, 1987)). "[T]here is no requirement in conspiracy cases that the government disclose . . . all the overt acts in furtherance of the conspiracy." United States v. Atisha, 804 F.2d 920, 927 (6th Cir. 1986) (quoting United States v. Giese, 597 F.2d 1170, 1180 (9th Cir.), cert. denied, 444 U.S. 979 (1979)). "To the extent that the indictment or information itself provides details of the alleged offense, a bill of particulars is, of course, unnecessary." Giese, 597 F.2d at 1180 (quoting 8 Moore's Federal Practice P 7.06(1) at 7-31 n.1 (2d ed. 1978)).

The essential elements of a drug conspiracy charge are "an agreement between two or more individuals, with the intent to commit an offense in violation of the Controlled Substance Act." United States v. Crayton, 357 F.3d 560, 573 (6th Cir. 2004) (quoting United States v. Sullivan, 903 F.2d 1093, 1098 (7th Cir. 1990)), cert. denied, 124 S.Ct. 2857 (2004). "The drug conspiracy statute does not require proof of any overt acts." United States v. Meyers, 102 F.3d 227, 235 (6th Cir. 1996) (citing United States v. Shabani, 115 S.Ct. 382, 383 (1994)). Count I alleges that April Manning, DeAngelo Young, and eight other co-defendants agreed with each other to possess heroin and crack cocaine with intent to distribute from 2005 to March 8, 2007, that Young supplied heroin and crack

cocaine to the eight co-defendants as street dealers, and that April Manning "kept storehouses" for Young "and performed a variety of other functions" for Young. Count I sufficiently sets forth the elements of the § 846 drug conspiracy charge and, in addition, apprises April Manning that she is accused of keeping drug storehouses in furtherance of the conspiracy. Kendall, 665 F.2d at 134; Crayton, 357 F.3d at 573. The indictment was not required to disclose the additional overt acts which constitute the "variety of other functions." Atisha, 804 F.2d at 927; See also United States v. Rosenthal, 793 F.2d 1214, 1127 (11th Cir. 1986) (recognizing that government is not required to provide the defendant with all overt acts prior to trial). This is not a situation where the indictment fails to provide "a shred of detail." Compare United States v. Barnes 155 F.3d 662 (2nd Cir. 1998) (referring to United States v. Ramirez, 602 F. Supp. 783, 793 (S.D.N.Y. 1985)).

A bill of particulars is not a device to be used by the defendant to acquire detailed disclosure of all evidence before trial, or in this case, to acquire the addresses of the alleged storehouses. Rosenthal, 793 F.2d at 1127; United States v. Ridley, 199 F.Supp.2d 704, 708 (S.D. Ohio 2001) (quoting United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993)). In that the Indictment sets forth the elements of the drug conspiracy charge and apprises April Manning of the charge sufficient enough to enable her to prepare for trial, Manning's dissatisfaction with the discovery she has received to date does not warrant a bill of particulars. Accordingly,

April Manning's motion for a bill of particulars is hereby DENIED.

SO ORDERED.

Dated: November 6, 2007

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 6, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk